# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KARAN CHAWLA, an individual,
CHAWLA INDIAN CUISINE LLC, a
Washington limited liability company,
AMERICAN CLOTHING LLC, a
Washington limited liability company,
and KUNAL CHAWLA, an individual,

        Appellants,

   v.

WESTVIEW INVESTMENT LTD, a
Washington for profit corporation,

        Respondents.

No. 84414-8-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — After the respondent prevailed on all claims in this matter, the trial court entered an award granting its requested attorney fees and costs. The court failed to enter supporting findings of fact and conclusions of law to justify the reasonableness of the amounts. We thus remand to the trial court for the entry of findings of fact and conclusions of law.

## FACTS

Karan Chawla and Kunal Chawla (collectively Appellants) filed suit against Westview Investments Ltd. (Westview) in July 2021 alleging that Westview violated Appellants' respective commercial leases in multiple ways. Westview answered and

Citations and pincites are based on the Westlaw online version of the cited material.

filed counterclaims in January 2022. After both Kunal[1] and Karan stopped paying rent, Westview sought to evict Karan and Kunal from their respective premises, and did so initially by motion on February 11. Kunal vacated the premises shortly thereafter on February 25. Westview converted its unlawful detainer motion into a summons and complaint in a separate unlawful detainer action against Karan on March 24. Westview obtained a judgment and writ of restitution on April 14 and April 21, respectively. Karan brought an emergency motion to vacate the writ of restitution on April 27. Karan filed for Chapter 11 protection on April 29 in order to use the automatic stay to prevent his eviction. The bankruptcy was dismissed on May 4, and the automatic stay was lifted. Karan did not refile for bankruptcy, and the King County Sherriffs' Office evicted Karan on May 9.

Westview moved for summary judgment on May 20, which Appellants answered on June 6. The parties appeared before the court on June 17, and the court issued an order granting summary judgment in Westview's favor on June 21.

Both Kunal and Karan's leases include attorney fee shifting provisions. The lease executed by Karan states:

> COSTS AND ATTORNEYS' FEES. If Tenant or Landlord engage the services of an attorney to collect monies due or to bring any action for any relief against the other, declaratory or otherwise, arising out of this Lease, including any suit by Landlord for the recovery of Rent or other payments, or possession of the Premises, the losing party shall pay the prevailing party a reasonable sum for attorneys' fees in such action, whether in mediation or arbitration, at trial, on appeal, and in any bankruptcy proceeding.

The lease executed by Kunal provides:

> Attorneys' Fees. If an action is commenced to enforce any of the

---

[1] We refer to the appellants separately by their first names for clarity as they share the same last name.

provisions of this Lease, the prevailing party shall, in addition to its other remedies, be entitled to recover its reasonable attorneys' fees incurred prior to trial, at trial, and upon appeal. If Lessor consults with an attorney as a result of a default by Lessee hereunder, Lessee agrees to pay any such attorneys' fees incurred by Lessor, and such attorneys' fees shall constitute additional sums due by Lessee hereunder.  In addition, in the event of a default by Lessee under this Lease, and any action is instituted by Lessor as a result of Lessee's default, then Lessee shall pay to Lessor, in addition to other costs, expenses, and attorneys' fees incurred by Lessor, [an] hourly fee of $95.00 per hour for time spent by each employee or agent of Lessor in connection with such default.

Westview moved for attorney fees as the prevailing party under the lease agreements.  Its counsel provided the time entries and descriptions of work related to the matter, supporting its request of $156,138 in attorney fees for the lease with Karan, and $24,880 in attorney fees for the lease with Kunal.  Appellants did not oppose the basis for fees but opposed the fee application, arguing the fees were excessive and disputing at least $44,939 in fees.

The trial court entered the following order awarding Westview its proposed reasonable attorney fees:

> The Court, being fully informed hereby ORDERS that Defendant/Counterclaimant's Motion for Reasonable Attorney's Fees and Costs is GRANTED as follows:
>
> 1. Westview is granted reasonable attorney's fees in the amount of $157,468.06 against Karan Chawla;
> 2. Westview is granted reasonable attorney's fees in the amount of $27,050.90 against Kunal Chawla;
> 3. Westview is granted costs in the amount of $2,690.99 against Karan Chawla;
> 4. Westview is granted costs in the amount of $248.71 against Kunal Chawla.

The order did not include findings of fact nor did the court make oral findings.

Appellants appeal.

3

DISCUSSION

Appellants contend the trial court did not enter required findings of fact and conclusions of law regarding the reasonableness of the fees, asking this court to remand to the trial court to enter appropriate findings and conclusions. We agree.

"Trial courts must articulate the grounds for a fee award, making a record sufficient to permit meaningful review." Mullor v. Renaissance Ridge Homeowners' Ass'n, 22 Wn. App. 2d 905, 919, 516 P.3d 812 (2022) (citing White v. Clark County, 188 Wn. App. 622, 639, 354 P.3d 38 (2015)). In general, this means that the court must supply findings of fact and conclusions of law sufficient to permit a reviewing court to determine why the court awarded the amount in question. Id. (citing White, 188 Wn. App. at 639). Our Supreme Court has held that findings of fact and conclusions of law are required to establish a record on review to support a fee award. Mahler v. Szucs, 135 Wn.2d 398, 435, 957 P.2d 632 (1998). The appropriate remedy if the trial court does not make findings of fact and conclusions of law supporting the attorney fee award is to remand to the trial court for entry of proper findings and conclusions. Mullor, 22 Wn. App. 2d at 919 (citing White, 188 Wn. App. at 639).

Westview argues in a footnote that Appellants waived their argument regarding whether the trial court is required to enter findings of fact and conclusions of law. However, Appellants objected to the attorney fee award below, including the amount of fees and whether or not they were reasonable. Appellants made line item objections to multiple time entries provided by Westview's attorneys. They objected to at least fees totaling $44,939. Westview also contends that Appellants did not provide sufficient argument on appeal. However, Appellants argue in their assignments of error as well

4

as in their brief that the trial court should have entered findings of fact. They did not waive this argument.

The trial court did not enter findings or conclusions to support the fee awards. Therefore, this matter must be remanded to the trial court for entry of findings of fact to justify the reasonableness of the amounts awarded.

_____
Coburn, J.

WE CONCUR:

_____
Feldman, J.

_____
Dwyer, J.